UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURIE AMANN, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:14 CV 1616 CDP<br>) |
| METROPOLITAN ST. LOUIS SEWER<br>DISTRICT, FEDERAL HOME LOAN<br>MORTGAGE CORPORATION,<br>and ST. LOUIS COUNTY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Laurie Amann filed suit in St. Louis County state court alleging state law claims of negligence against defendants Metropolitan St. Louis Sewer District, Federal Home Loan Mortgage Corporation, and St. Louis County. The Federal Home Loan Mortgage Corporation (FHLMC) removed the case to this court citing 12 U.S.C. §1452(f). This matter is now before me on Amann's motion to remand this action to Missouri state court. Because 12 U.S.C. §1452(f) grants the federal court original jurisdiction over this matter and because the FHLMC timely removed it, I will deny plaintiff's motion to remand.

## Removal

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A removing party bears the burden of proving federal subject-matter jurisdiction, and any doubts must be resolved in favor of remand. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). A defendant may remove a case to federal court "only if the action originally could have been filed there." *Junk v. Terminex Int'l. Co.*, 628 F.3d 439, 444 (8th Cir.2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir.2010)); 28 U.S.C. § 1441(a)-(b). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## Discussion

Amann asserts that there is no federal question jurisdiction in this case because she is making only state law negligence claims against defendants. Although Amann fails to address any of the very specific language of § 1452, which grants federal courts' subject matter jurisdiction in cases such as this, she does argue that that the FHLMC is using §1452(f) to forum shop and notes that it has litigated numerous lawsuits filed in St. Louis County. In its response to Amann's motion, the FHLMC argues that removal is proper here because §1452(f)

explicitly provides that removal prior to trial is proper in any litigation to which FHLMC is a party, and such a case is "deemed to arise under the laws of the United States." I agree.

The FHLMC is a corporate entity that was chartered by Congress in 1970 and organized pursuant to United States statute. *See* 12 U.S.C. § 1451, *et seq*. In pertinent part, the statute under which the FHLMC was created provides:

> "…(2) all civil actions to which the [FHLMC] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the [FHLMC] is a party may at any time before the trial thereof be removed by the [FHLMC], without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending …."

12 U.S.C. § 1452(f). This language clearly grants federal courts original jurisdiction in all cases to which the FHLMC is a party, regardless of whether the claims in the case arise under state or federal law. *See Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1035 n.2 (8th Cir. 2014) (noting that because FHLMC was a party, the district court had jurisdiction over the case even though plaintiff's claims were governed by Missouri law), *aff'g*, No. 11–01067–CV–W–DGK, 2012 WL 1144592, at *2 (W.D.Mo. April 4, 2012) (denying remand despite the absence of federal law claims because jurisdiction in federal court was proper "due to the Federal Home Loan Mortgage Corporation's continued presence in the action");

*Shepard v. CitiMortgage, Inc.*, No. 4:12CV00129 ERW, 2012 WL 2282217 (E.D. Mo. June 18, 2012) (case was properly removed and district court had jurisdiction under 12 U.S.C. § 1452(f) despite plaintiff alleging only state law claims); *Peterson v. CitiMortgage, Inc.*, No. 11–2385 (SRN/JJG), 2012 WL 1971138, at *6 (D. Minn. June 1, 2012) (denying motion to remand and holding district court had proper subject matter jurisdiction because FHLMC was a party to the lawsuit), *aff'd*, 704 F.3d 548 (8th Cir. 2013).[1]

Because the FLHMC's presence is enough to confer subject matter jurisdiction to the federal court, and because this matter was removed to federal court prior to trial in accordance with 12 U.S.C. § 1452(f)(2), the case is properly before me.

---

[1] There is also no question that this court has supplemental jurisdiction over Amann's claims against the St. Louis Sewer District and St. Louis County. Those claims "derive from a common nucleus of operative fact" and are part of the same case or controversy as the claims against the FHLMC. *See* 28 U.S.C. § 1367(a) and *McRaven v. Sanders*, 577 F.3d 974, 984 (8th Cir. 2009); *see also Peterson*, 704 F.3d at 550 ("[t]he district court had original jurisdiction over the claims against the FHLMC under 12 U.S.C. § 1452(f), and exercised its supplemental jurisdiction over the remaining claims").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand to the twenty-first judicial circuit court is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.